

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Charles S. Baughman
Chief Clerk,
Department of Agriculture
Austin, Texas

Dear Sir:

Opinion No. O-1667
Re: Use by the Department of
Agriculture during the cur-
rent biennium of fees accru-
ing to the administration
of certain Acts.

By your letter of November 9, 1939, you contend
that your department is entitled, under the provisions of
S. B. 427 passed by the 46th Legislature, to use Nursery
Inspection fees, Charter Filing Fees, Inspection Fees from
public weighers, as well as annual lease fees derived under
the provisions of H. B. No. 12, Acts of the first called
session 46th Legislature, for expenses incurred in the ad-
ministration of the various Acts under which such fees are
collected, other than the expenses for which a specific ap-
propriation of such fees has been provided by the Legisla-
ture. It seems that you desire to use these fees to pay
traveling expenses incident to the administration of the
various Acts under which they are collected, because the
Governor, in the exercise of his veto power, eliminated
specific items appropriated by the Legislature for travel-
ing expenses out of said fees for the administration of
the particular Acts under which the fees were collected.
Your question is, therefore, whether the traveling expenses
incurred in the administration of these various Acts may
yet be paid out of said fees "regardless of the fact that
the Governor undertook to veto every traveling expense item
appearing in any and all of the above mentioned items."

There is not involved in your inquiry the question
upon which this department has already ruled concerning the
right of a department to pay traveling expenses out of an

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Charles E. Baughman - Page 2

item specifically appropriated for "contingent" expenses in the situation where no specific provision has been made by itemization for traveling expenses.

We quote the following from the appropriation made in S. B. 427 for the Department of Agriculture:

"20. Salary and other expenses in the Nursery Inspection Fee Fund, Ch. 7, Art. 153, R.C.S. of 1925.

"20a. Stenographer, seasonal, $122.50..   $   300.00

"20b. Inspector                              1800.00

"20c. Inspector                              1800.00

"20d. Inspector, seasonal, at $150.00 per month                                    750.00

"20e. Inspector, seasonal, at $150.00 per month                                  750.00

"20d. Rent, heat, light, postage, telephone, telegraph, printing supplies and contingent                         2035.00*

"35. Salaries and other expenses in the charter filing fee fund, Art. 5764, R.C.S., 1925.

"35a. Bookkeeper                             1500.00

"35b. Rent, heat, light, telephone, telegraph, printing supplies and contingent                                 500.00

"35c. Traveling expenses                     1500.00*

(The Governor vetoed items 35a and 35c)

"50. Salaries and other expenses in the weights and measures fee fund, Art. 5695, R.C.S.,1925, Ch.257, reg.ses. 42d Legislature.

"50a. Rent, heat, light, postage, tele-

Hon. Charles E. Baughman - Page 3

|  |  |  |
|---|---|---|
| phone, telegraph, printing supplies and contingent | $ | 1500.00 |
| *50b. Bookkeeper and office deputy | | 1500.00 |
| *50c. Traveling expenses | | 3000.00* |

(The Governor vetoed items 50b and 50c)

*Jack and Stallion Division.

*64. Salaries and expenses in the special Jack-Stallion Fund, H.B. 12, 1st. call. ses., 45th Legislature.

|  |  |
|---|---|
| *64a. Bookkeeper | 1500.00 |
| *64b. Inspector | 1800.00 |
| *64c. Rent, heat, light, postage, telephone, printing supplies and contingent | 1950.00 |
| *64d. Traveling expenses | 3000.00* |

(The Governor vetoed items 64a and 64d)

The special rider appended to the appropriation for the Department of Agriculture reads in part as follows:

"For each of the fiscal years ending August 31, 1940 and August 31, 1941, all fees and/or unexpended balances which have been received and which may be received by virtue of Article 133, Chapter 7, Revised Civil Statutes, 1925; Chapter 3, Title 4, Revised Civil Statutes, 1925; Article 5764, Revised Civil Statutes, 1925; Article 5695, Revised Civil Statutes, 1925; Chapter 287, Regular Session Forty-second Legislature; Chapter 304, Regular Session Forty-first Legislature and House Bill No. 12, First Called Session Forty-fifth Legislature and any amendments to any of said Acts are hereby appropriated, after they shall have been deposited in the State Treasury to the credit of the State Department of Agriculture to be used by said Department for the enforcement of the above

mentioned Acts and for the operation and mainte-
nance of said activities as hereinbefore specifi-
cally itemized and in no event shall any of
these fees be used otherwise."

Item "20", item "35", item "50" and item "64" are
not in truth and in fact items of appropriation in and of
themselves, but were intended by the Legislature to be more-
ly descriptive of the general character of the specific
"items of appropriation" given the same numeral and follow-
ed by the letters a, b, d, e, etc., immediately following
the original numeral. In other words, the term "20. Salary
and other expenses in the Nursery Inspection Fee Fund, Ch.
7, Art. 153, R. C. S., 1925", is but descriptive of appro-
priations subsequently made immediately following such
phrase for a subdivision of the Horticultural Inspection
and Quarantine Division of the Agricultural Department,
just as the phrase "Horticultural Inspection and Quarantine
Division", immediately preceding various items of appropria-
tion, is descriptive of the general character of appropria-
tions made to that division of the Agricultural Department.

The special rider quoted in your letter, also
quoted above, does not purport to make these fees available
to the Department of Agriculture generally to be used for
the enforcement of the Acts under which they are collected
and for the operation and maintenance of such activities,
but appropriates said fees restrictively, with the limita-
tion that they may be used by the Department of Agriculture
for the operation and maintenance of said activities and
the enforcement of the Acts under which they are collected
"as hereinabove specifically itemized and in no event shall
any of these fees be used otherwise." It follows that these
fees are not available to the Department generally, but are
available only to defray the items of expense to which they
are appropriated as specifically itemized in the Act as it
appeared when it became the law of the State of Texas, which
was not until it had been approved by the Governor. The
Governor's veto of such specific items indicated above was
fully effective to eliminate these items from the appropria-
tion bill, and therefore to limit the authority to expend
these funds accordingly.

It follows from what we have said above that your
question must be answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

R. W. Fairchild
Assistant

RWF-MR

APPROVED DEC 9, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN